UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,)
                          )
        v.                )        Crim No. 96-319(02)(CKK)
                          )
RALPH WILSON,             )
            Defendant.    )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE OF COURT TO SUPPLEMENT RULE 60(b) MOTION PURSUANT TO FED.R.CIV.P. 15(a)**

## I. SUMMARY

Defendant now moves this Court pursuant to Fed.R.Civ.P. 15(a) to Supplement his Fed.R.Civ.P. 60(b)(5) and (6) Motion for Relief from Final Judgment denying his first 28 U.S.C. § 2255 motion. The government opposes defendant's motion to supplement. Furthermore, even if this Court were to grant defendant's motion to supplement, his motion should be treated as a supplement to his Fed.R.Civ.P. 60(b)(5) and (6) Motion for Relief from Final Judgment, which the government has opposed on grounds that it should be treated as a second or successive 28 U.S.C. § 2255 motion.

## II. PROCEDURAL HISTORY

On September 19, 1996, defendant Ralph Wilson and codefendants Louis Wilson and Marcellus Judd were charged with: (1) conspiracy to kill a federal witness in violation of 18 U.S.C. § 371; (2) killing a federal witness with the intent to prevent him from testifying in violation of 18 U.S.C. § 1512(a)(1)(A);(3) retaliating against a federal witness in violation of 18 U.S.C. §

1

1513(a)(1)(B); and (4) first-degree murder while armed in violation of D.C. Code §§ 2401 and 3202.[1]

On February 28, 1997, a jury trial commenced before the Honorable Norma Holloway Johnson. The trial ended on March 21, 1997, with guilty verdicts on all counts as to all defendants. On June 5, 1997, defendant's motion to set aside the verdict was denied, and defendants were sentenced. On November 20, 1998, defendant Ralph Wilson's convictions were affirmed. See United States v. Wilson, 160 F.3d 732 (D.C. Cir. 1998).[2] Defendant's petition for issuance of a writ of certiorari was denied on October 4, 1999. See Wilson v. United States, 528 U.S. 828 (1999).

Defendant's 28 U.S.C. § 2255 Motion was denied by this Court on August 30, 2005 in a 39-page Memorandum Opinion. On July 3, 2007, the Court of Appeals for the District of Columbia Circuit affirmed the denial of defendant's 28 U.S.C. § 2255 motion, reiterating its findings in the opinion from defendant's direct appeal that "the evidence against him was 'nonconflicting, nonambiguous, and overwhelming.'" Wilson,160 F.3d at 741 n.8.

On August 13, 2010, defendant filed a Motion to Obtain Relief from A Final Judgment Under Federal Civil Rule of Procedure 60(b).

---

[1] Louis Wilson also was charged with two counts of using a firearm during and in relation to a crime of violence, and possession of a firearm during a crime of violence.

[2] One of codefendant Louis Wilson's 18 USC § 924(c) convictions was reversed, and codefendant Marcellus Judd's convictions were vacated.

The Government filed its Opposition to defendant's motion on November 5, 2010. Defendant filed a reply to the government's opposition on February 4, 2011. On January 3, 2012, defendant filed a Motion for Leave of Court to Supplement Rule 60 Motion Pursuant to Fed.R.Civ.P. 15(a), to which the government now responds.

## III.  DEFENDANT'S MOTION TO SUPPLEMENT/AMEND SHOULD BE DENIED.

### A.  DEFENDANT'S MOTION TO SUPPLEMENT IS MERITLESS

The government now opposes defendant's attempt to supplement his Rule 60(b) motion under Fed.R.Civ.P. 15(a) because it is meritless.  See United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002)("[W]hile  a party may freely offer an amendment at any time before a responsive pleading is served, supplements always require leave of Court"). Supplemental pleadings relate to events that "'have transpired *since* the date of the party's most recent pleading,'" between the parties, and do not include changes in the law governing the facts of a particular case. Id. at 385-86(citations omitted); Human Genome Sciences Inc. v. Kappos, 738 F.Supp.2d 120, 122 (D.D.C. 2010)("[A] pleading generally does not become a supplement merely because it references facts that occurred subsequent to the original complaint. Rather, 'the appropriate basis for supplemental pleadings are new facts *bearing on the relationship* between the parties.'" (citations omitted)). Because this defendant's supplement consists of changes in the law, and not to any new facts or changes in the relationship between the

parties, defendant's motion to supplement should be denied.

Furthermore, this Court should not permit defendant to supplement his pleading under Fed.R.Civ.P. 15(a) because: (1) the decision in <u>Anderson v. United States</u>, 544 U.S. 696 (2005), existed prior to this Court's denial of defendant's first 28 U.S.C.§ 2255 motion, and preceded the filing of defendant's pending Rule 60(b) motion; and (2) in <u>Fowler v. United States</u>,_ U.S._, 131 S.Ct. 2045 (2011), the Court "examined the elements of 18 U.S.C. § 1512(a)(1)(C), a subsection of the federal witness tampering statute," which was not one of the statutes defendant was convicted of having violated. <u>See Williams v. United States</u>, 2011 WL 5833983 at *5-7 (D.D.C. November 17, 2011).  Accordingly, defendant's motion to supplement his motion should be denied.

## B. DEFENDANT'S MOTION TO AMEND HIS PLEADING IS UNTIMELY

Furthermore, if this Court were to construe defendant's motion as a motion to amend his pleading rather than a motion to supplement, defendant's motion to amend is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA").[3] <u>See</u> <u>Hicks</u>, 283 F.3d at 388 ("the basic principles of Rule 15(c) apply to amendments of § 2255 motions"). Rule 15(c) "provides that under

---

[3] Under the AEDPA, a defendant has "a one-year 'period of limitation' on all motions made under § 2255. That period begins to run on 'the date on which the judgment of conviction becomes final." <u>Hicks</u>, 283 F.3d at 387. Where, as in this instance, a defendant sought a writ of certiorari, the one-year period began to run from the date on which defendant's petition for issuance of a writ of certiorari was denied.

certain circumstances, an amendment of a pleading relates back to the date of the original pleading, thereby avoiding statute of limitations problems that otherwise might have beset the amendment." Id. at 387. "[W]here the [defendant's] proposed amendment makes claims or is based on occurrences "totally separate and distinct, 'in both time and type' from those raised in his original motion," Rule 15(c) does not permit the addition of the amendment to defendant's underlying motion. Id. at 389. "These principles are faithful both to the underlying purposes of Rule 15(c) and to the concerns about drawn-out and unlimited collateral attacks on federal criminal judgments evinced by the passage of the AEDPA. They ensure that relation back will be allowed only where the original motion provides adequate notice of the prisoner's claims and the proposed amendment would neither change the fundamental nature of those claims nor prejudice the Government's defense by requiring it to prepare its case anew." Id.

In his pending motion for relief filed on August 13, 2010, defendant sought relief from his conviction and sentence on grounds that the Supreme Court decision in Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), should be applied retroactively to his case. The decision in Melendez-Diaz addressed the admissibility of certain testimonial evidence, and defendant argued that it was applicable to the admission of the statements of Marcellus Judd and the tape recordings between Wilson and Copeland at his trial.

The "amendments" defendant now moves to add to his pending motion do not "relate back" to his <u>Melendez-Diaz</u> claim, but rather allege new grounds for relief from his conviction and sentences. More specifically, <u>Anderson,</u> addresses the federal obstruction of justice statute, and <u>Fowler</u> addresses a subsection of the federal witness tampering statute, which was not one of the statutes defendant was convicted of having violated. Thus, defendant's amendments are different in type from those alleged in his Rule 60(b) motion and therefore do not "relate back" to the claims raised in his pending motion.

Accordingly, because more than one year has elapsed since defendant's petition for issuance of a writ of certiorari was denied, and defendant's new claims do not relate back to his pending motion, his amendments are untimely and his motion to amend should be denied.

## IV. EVEN IF DEFENDANT'S CLAIMS WERE TIMELY, HIS SUPPLEMENTAL CLAIMS SHOULD BE TREATED AS SUCCESSIVE 28 U.S.C. 2255 CLAIMS

Furthermore, even if defendant's claims were timely, the substance of the supplemental challenges attack defendant's underlying conviction, not the denial of his prior 28 U.S.C. § 2255 claims. More specifically, defendant now argues that the decisions in <u>Anderson</u>, and <u>Fowler</u> constitute changes in the controlling law relevant to his convictions, resulting in manifest injustice in his case. These supplemental claims, along with the claims raised in his pending Rule 60(b) motion in their entirety, constitute a

second or successive 28 U.S.C. 2255 motion, which should be transferred to the D.C. Circuit because this court has no jurisdiction over a successive § 2255 motion, or a supplement thereto, absent certification from the D.C. Circuit Court. <u>See</u> 28 U.S.C. § 2255; <u>See</u> Government Opposition To Defendant's Motion to Obtain Relief from A Final Judgment Under Fed.R.Civ.P. 60(b) filed November 5, 2010.

Accordingly, the government submits that defendant's motion should be treated as a second 28 U.S.C. § 2255 motion, and dismissed because this Court is without jurisdiction to entertain the motion, or transferred to the Court of Appeals.

Respectfully submitted,

*/s/Ronald C. Machen Jr.*
RONALD C. MACHEN JR.
United States Attorney
D.C. Bar Number 447-889

*/s/Robert D. Okun*
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

*/s/Carolyn K. Kolben*
CAROLYN K. KOLBEN
Assistant United States Attorney
D.C. Bar No. 391-156
Special Proceedings Division
555 4th Street, N.W., Room 10-441
Washington, D.C. 20530
(202) 252-7570
Carolyn.Kolben@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Government's Opposition To Defendant's Motion to Supplemental Relief From A Final Judgment Under Federal Rule of Civil Procedure Rule 60 (b), has been filed electronically with the Court and served by first-class mail upon the defendant, Ralph Wilson, Fed. Reg. No. 20535-016, U.S.P., Lewisburg, Pennsylvania 17837, this second day of March, 2012.

_/s/Carolyn K. Kolben_
Carolyn K. Kolben
Assistant United States Attorney