UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,)
                         )
      v.                 )        Crim No. 96-CR-319(01)(CKK)
                         )
LOUIS A. WILSON,         )
           Defendant. )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S <u>PRO-SE</u> MOTION TO VACATE
SET ASIDE OR CORRECT SENTENCE PURSUANT 28 U.S.C. § 2255**

Defendant now moves this Court, pursuant to 28 U.S.C. §
2255, to vacate his convictions and sentences on the grounds that
his trial counsel as well as his appellate counsel failed to
challenge: (1) the trial Court's violation of the defendant's
right to counsel of choice in violation of the Sixth Amendment;
(2) his convictions and sentences on two murder counts that arose
from the murder of one individual on Double Jeopardy grounds; (3)
the suppression of information in violation of <u>Brady v. Maryland</u>,
373 U.S. 83 (1963) pertaining to a murder other than the murder
for which defendant was convicted; (4) the allegedly unauthorized
presence of Assistant United States Attorney Robert Mueller
before the grand jury; and (5) the jurisdiction of the trial
Court to try his case. Defendant's claims are procedurally
barred, and his motion should be summarily denied.

I. Procedural History

On March 21, 1997, after a jury trial before the Honorable Norma Holloway Johnson, defendant Louis Wilson and co-defendant's Ralph Wilson and Marcellus Judd were convicted of conspiracy to kill a witness (18 U.S.C. § 371)(Count One), killing a witness (18 U.S.C. § 1512(a)(1)(A))(Count Two), retaliating against a witness (18 U.S.C. § 1513(a)(1)(B) & (2))(Count Four), first-degree murder while armed (D.C. Code §§ 22-2401, -3202)(Count Six), two counts of using a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)) (Counts Three & Five), and possession of a firearm during a crime of violence (D.C. Code § 22-3204(b))(Count Seven). On June 5, 1997, defendant was sentenced to life imprisonment plus two consecutive five-year terms of incarceration.[1] After a timely notice of appeal was

---

[1] Defendant was sentenced as follows: (1) Count One - incarceration for a term of 60 months to be followed by three years supervised release; (2) Count Two - life imprisonment to be followed by five years supervised release to run concurrently with the sentence imposed on Count One; (3) Count Three - 60 months incarceration to run consecutively to the sentences of incarceration on Counts One and Two, be followed by three years supervised release to run concurrently to the terms of supervised release imposed on Counts One and Two; (4) Count Four - life imprisonment to be followed by five years supervised release to run concurrently with Counts One, Two, and Three; (5) Count Five – incarceration for 60 months to run consecutively to the terms of incarceration imposed on Counts One through Four, to be followed by three years supervised release to run concurrently to the terms of supervised release imposed on Counts One through Four;(6) Count Six - incarceration for a term of 30 years to life imprisonment to run concurrently with Counts One through Five; and (7) Count Seven - incarceration for not less than five years or more than 15 years to run concurrently with the

filed, new counsel was appointed to represent defendant on appeal.

On November 20, 1998, the Court of Appeals for the District of Columbia Circuit affirmed defendant's convictions, but found that defendant's conduct did not support two convictions for use of a firearm. Accordingly, the Court of Appeals vacated one of defendant's § 924(c) convictions. See United States v. Wilson, 160 F.3d 732, 750 (D.C. Cir. 1998), cert. denied, 528 U.S. 828 (1999).[2]

On September 29, 2000, defendant filed his first motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, followed by two supplements to his 2255 motion filed on March 1, 2001, and January 20, 2004.[2] On January 20, 2004, defendant also moved to adopt the post-trial arguments filed by co-defendant Ralph Wilson.

On September 14, 2005, this Court entered an order, following a memorandum opinion two days prior, denying

---

sentences imposed in Counts One through Six.

[2] As the result of an apparent clerical error, an order vacating one of defendant's § 924(c) convictions was not entered by the Court upon receipt of the opinion of the Court of Appeals.

[2] On March 24, 2003, defendant's case was transferred to Judge Colleen Kollar-Kotelly following Judge Johnson's retirement.

defendant's 28 U.S.C. § 2255 motion.[3] On October 18, 2005, defendant filed an appeal of Judge Kollar-Kotelly's order. On May 3, 2007, the United States Court of Appeals for the D.C. Circuit affirmed the summary denial of defendant's 28 U.S.C. § 2255 motion. United States v. Wilson, 219 Fed.Appx. 5 (C.A.D.C. March 2, 2007).

On July 22, 2010, defendant moved for entry of an amended judgment and commitment order to reflect the D.C. Circuit's reversal of his conviction and sentence for using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), to which the government responded. On November 2, 2010, defendant's motion for entry of an amended judgment was granted.

On November 23, 2010, pursuant to the decision issued by the Court of Appeals on November 20, 1998, directing that one of his 18 U.S.C. § 924(c) convictions be vacated, pursuant to 18 U.S.C. 3742(f)(1) and (2), this Court vacated the judgment and sentence

---

[3] See United States v. Wilson, 2005 WL 6293747 (D.D.C. 2005) (summarily denying defendant's claims that he was convicted based upon perjured testimony, that he was prejudiced at trial by Brady violations, that his rights under the Confrontation Clause were violated, and that he was denied the effective assistance of counsel based upon trial counsel's failure to call Leroy Singletary to testify, request a continuance to investigate a pre-trial statement of Leroy Eddings that was disclosed to defense counsel on the eve of trial, an alleged failure to advise and prepare defendant to testify at trial, failure to seek a severance, and failure to object to allegedly improper jury instructions).

previously imposed by on Count Five, and entered an Amended Judgment and Commitment Order <u>nunc</u> <u>pro</u> <u>tunc</u> to effectuate a recomputation of defendant's sentence by the Federal Bureau of Prisons. On December 28, 2010, defendant noted an appeal from the order of this Court granting his motion.[4]

On January 5, 2011, defendant filed a motion to correct/amend an illegal sentence, which the government opposed on January 20, 2011. On April 14, 2011, this Court ordered defendant to inform the Court whether he wished to withdraw his motion or have the Court recharacterize the motion as having been filed under 28 U.S.C. § 2255. On May 26, 2011, defendant moved to withdraw his motion to correct an illegal sentence. On May 31, 2011, this Court denied defendant's motion to expedite ruling on motion to correct illegal sentence as moot, and granted defendant's motion to withdraw his motion to correct illegal sentence.

On May 21, 2012, defendant filed a <u>pro</u>-<u>se</u> motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, to which the government now responds.

---

[4] On May 16, 2012, defendant's appeal from the entry of his amended judgment and commitment order was dismissed because it was not timely filed within 14 days of the entry of the amended judgment.

## II. Argument

**Defendant's Claims Are Procedurally Barred**

All of the claims in defendant's pending motion are procedurally barred because defendant failed to raise these claims in his first § 2255 motion. "Indeed, the 'abuse of the writ' doctrine precludes consideration of 'claims not raised, and thus defaulted, in the first [collateral] proceeding," McClesky v. Zant, 499 U.S. 467, 490 (1991); United States v. Graves, 953 F.Supp. 7 (D.D.C. 1997). More specifically, a defendant may not raise a claim in a subsequent petition, that he could have raised in a prior petition, "without demonstrating 'cause and prejudice.'" Graves, supra, citing McClesky, 499 U.S. at 494. "The cause and prejudice analysis adopted for cases of procedural default applies to an abuse-of- the-writ inquiry," such that upon the filing of a second application for habeas relief, "the government bears the burden on pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, the government notes [defendant's] prior writ history, identifies the claims that appear for the first time, and alleges that [defendant] has abused the writ." Id. Failure to show cause or prejudice will preclude a review of his claim. Engel v. Isaac, 456 U.S. 107, 134 n.43 (1982).

1. The Establishment of "Cause" To Overcome Procedural Default

6

To show cause, a defendant must demonstrate some objective factor external to the defense, such as government interference or the previous unavailability of the factual basis for the claim despite reasonable investigation. McCleskey, 499 U.S. at 486; see also Coleman v. Thompson, 501 U.S. 722, 750 (1991). "Existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986); see also Strickler v. Greene, 527 U.S. 263, 283 n. 24 ("[We] think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials,' made compliance impracticable, would constitute cause under this standard.'"); Bousley, 523 U.S. at 623 n. 2 (Even if defendant's "counsel was unaware at the time that petitioner's plea colloquy was constitutionally deficient '[w]here the basis of a . . . claim is available, and other defense counsel have perceived and

litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of an objection [that could have been made] to a federal statute as cause for a procedural default.'" (citations omitted)); <u>Rose v. Lee</u>, 252 F.3d 676, 688 (4th Cir. 2001)(a defendant cannot establish cause where the facts underlying his claim were in existence and were available upon a reasonably diligent search); <u>Lenz v. True</u>, 370 F.Supp.2d 446, 494 (W.D. Va. 2005)(same). Because defendant has not established "cause" for his failure to raise these claims in his first § 2255 motion, these claims should be summarily denied.[5]

Defendant has failed to establish "cause" for his failure to challenge: (1) the trial Court's alleged violation of his right to counsel of choice; (2) his convictions and sentences on two murder counts that arose from the murder of one individual on Double Jeopardy grounds; (3) a violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) concerning information pertaining to a murder other than the one for which this defendant was convicted; (4)

---

[5] Furthermore, "<u>pro</u>-<u>se</u> status does not justify reconsideration of choices made in prior habeas matters." <u>Tapia v. Lemaster</u>, 172 F.3d 1193, 1196 (10th Cir.), <u>cert</u>. <u>denied</u>, 528 U.S. 880 (1999). "Similarly because no constitutional right to counsel exists in collateral attacks on conviction ineffective assistance of counsel during collateral post-conviction proceedings is not grounds for, nor an excuse to file, a successive or abusive habeas writ. <u>United States v. Washington</u>, 4 Fed.Appx. 695, 697 (10th Cir. 2001); <u>see also</u> <u>United States v. Lewis</u>, 2009 WL 528241 *1 (D.D.C. February 27, 2009)(not reported).

the presence of Assistant United States Attorney Robert Mueller before the grand jury; and (5) the jurisdiction of the trial Court to try his case in his first 28 U.S.C. § 2255 motion.

2. <u>The Establishment of "Prejudice" To Overcome Procedural Default</u>

Furthermore, even if defendant had established "cause" for his failure to raise these claims in his first section 2255 motion, which he has not done, "[t]o establish 'actual prejudice,' [defendant] 'must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" <u>United States v. Pettigrew</u>, 346 F.3d 1139, 1144 fn.9 (D.C. Cir. 2003); <u>see</u> <u>also</u> <u>United States v. Ortiz</u>, 136 F.3d 161, 163 (D.C. Cir. 1998). It is clear that defendant "must *at least* demonstrate that 'there is a reasonable probability that, but for [the errors], the result of the proceeding would have been different.'" <u>Pettigrew</u>, 346 F.3d at 1144, citing <u>United States v. Dale</u>, 140 F.3d 1054, 1956 n. 3 (D.C. Cir. 1998)(other citations omitted). Defendant has failed to establish that any of the perceived errors presented here prejudiced him or infected his trial with error of constitutional dimension).

Finally, the disposition of a collateral attack motion based on the defendant's procedural default does not require a court to decide the merits of the underlying claim. <u>Pettigrew</u>, 346 F.3d at 1144 fn.9 (D.C. Cir. 2003). Because defendant has failed to establish "cause" and "prejudice" for his procedural default in this case, his claims of ineffective assistance of counsel should be summarily denied.[6]

### III. Conclusion

WHEREFORE, the United States respectfully requests that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be summarily denied.[7]

Respectfully submitted,

*/s/ Ronald C. Machen Jr.*

---

[6] 28 U.S.C. § 2255(h) limits second or successive motions to vacate, set aside, or correct a sentence. The ordinality of a § 2255 motion depends on the judgment that it challenges. <u>Magwood v. Patterson</u>, _ U.S._, 130 S.Ct. 2788, 2797 (2010). Where a new judgment intervenes, the defendant may challenge that judgment via a § 2255 motion even if he previously challenged the old judgment in the same way. <u>Id.</u> Because the defendant's current § 2255 motion is his first § 2255 challenge to the current judgment, the government does not believe it qualifies as a "successive" § 2255 motion under <u>Magwood</u>. Nonetheless, for the reasons set forth above, defendant's motion is procedurally defaulted and should be denied on that basis. See also Magwood, 130 S.Ct. at 2082 ("we underscore only that procedural-default rules continue to constrain reviews of claims in all applications, whether "'second or successive' or not"
[7] The Government wishes to thank summer law clerk Christopher Rossbach, for the contribution he made to the preparation of the instant opposition.

RONALD C. MACHEN JR.   # 447889
United States Attorney


*/s/ Robert D. Okun*
ROBERT D. OKUN   # 457078
Chief, Special Proceedings
Division


*/s/ Carolyn K. Kolben*
CAROLYN K. KOLBEN   # 391156
Assistant United States Attorney

## CERTIFICATE OF SERVICE

.   A copy of the instant United States Opposition to Defendant's

Motion to transfer defendant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255 has been mailed to

Louis A. Wilson, Fed. Reg. No. 32043-037, Federal Correctional

Institution, Petersburg Medium, P.O. Box 1000, Petersburg,

Virginia, 23804, this first day of August, 2012.


/s/ Carolyn K. Kolben


CAROLYN K. KOLBEN
555 Fourth Street, N.W.
Special Proceedings Division
Room 10-441
Washington, D.C. 20530
(202) 252-7570
Carolyn.Kolben@usdoj.gov

11